CULPEPPER, Judge.
This is a suit to enforce the provisions of a group medical insurance policy, which allow a dependent of an insured, on reaching 19 years of age, to obtain an individual policy without a medical examination. From a judgment ordering it to issue a policy, the defendant-insurer appealed. Plaintiff answered the appeal, seeking penalties and attorney’s fees.
The trial judge has written the following well considered opinion which we adopt as our own:
“This is a suit by Kathie Heard wherein plaintiff seeks an order of this court to have American Health & Life Insurance Company issue a certain insurance policy according to the conversion provisions of a group policy issued to the Louisiana State Dental Association.
“The problem presented is whether the group policy conversion provisions are applicable and, if so, whether there has been compliance by American Health & Life Insurance Company.
“Kathie Heard is the daughter of Dr. James E. Heard, a dentist. He was a member of the Dental Association and was covered by the group policy. Kathie was carried as a dependent under the provisions of the policy. Kathie was born August 27, 1952, thus becoming 23 years of age August 27, 1975.
“The policy provisions with which we are concerned are as follows:
“B. Eligibility of Dependents of Members
“The Spouse of a Member and his unmarried dependent children who are living at home, or are new born, and who are under 19 years of age (or, if a full time student in an institution of learning, are under 23 years of age) are eligible in accordance with the same requirements as for Members.
“Dependents insurance is only available if the Member is insured. New Dependents will be eligible during a 60 day period after having been acquired, subject to written notification to be furnished the Company by the Assured before expiry (sic) or (sic) such 60 day period.
“PART XXI. CONVERSION PRIVILEGE
“A dependent child who is insured under the Policy and becomes ineligible because of attained age may, without evidence of insurability, convert to an individual Policy subject to the following:
“1. Written application and payment of the first premium for the individual Policy must be made to the Company within 31 days after becoming ineligible.
“2. The individual Policy shall be on the nearest comparable form then being issued by the Company at the rates then in effect for such Policy.
“Dr. Heard testified that Kathie finished High School in the Spring of 1971. Thereafter she enrolled at McNeese State University for one semester. After that semester she worked at various places, and in the latter part of 1974, and up until August 9, 1975 was hospitalized in Houston (Redeemer Community), Pine-ville (Central Louisiana Hospital) and St. Mary Hospital in Galveston, Texas. She returned to Lake Charles on the latter date and entered the fall semester at McNeese State University.
*686 “The Kirby Agency administered the Dental Group Policy. Dr. Heard, in May of 1975, made application, on behalf of Kathie, for a conversion policy under the provisions quoted above. This was sent to Kirby Agency. A health history was included in their application. When no policy issued, a second application was filed with Kirby Agency, which did not include a health history. A policy was issued on October 1, 1975, which policy will be referred to as ‘Series 104’. The benefits under ‘104’ are considerably less than those under the group policy.
“Mr. Ken Kirby, with Kirby Insurance Agency, testified that when a conversion policy is issued under the provisions of the group policy, the ‘Catastrophe Plan 50-C’ is usually issued. This is the first instance when American has refused to issue a Catastrophe policy and issued, in lieu thereof, a Series 104 policy. This was admitted by John Revelle, manager of special accounts for American. The Catastrophe policy is much closer in benefits to the group policy than is the Series 104.
“American first contends that Kathie was not covered when she made application in 1975 since Dr. Heard did not make application for her as a dependent after she dropped out of McNeese State University, following the fall semester of 1971, according to the provisions of the policy quoted above. This position is without merit. The policy provides that dependents of a member are eligible if they are under 19 years of age, or, if a full time student in an institution of learning, are under 23 years of age. This provision doesn’t state that the dependent must be a continuous full time student. “Kathie was a full time student in 1971-72 and also beginning in August, 1975. She did not become 23 years of age until August 27, 1975. She was a dependent within the definition of the policy when she reached the age of 23 years and was entitled to the benefits of the conversion clause of the group policy.
“The next question is whether American fulfilled the policy provisions when it issued the ‘Series 104’ policy to Kathie Heard rather than Catastrophe Plan 50-C. Mr. Revelle testified that Kathie’s insurability was at question due to her medical history, thus the ‘Series 104’ was issued. The policy provision clearly states that an eligible dependent may convert ‘without evidence of insura-bility and when this is done the policy so issued ‘shall be the nearest comparable’ to the group policy. The nearest comparable is the Catastrophe Plan 50-C.
“It is interesting to note that on October 1, 1975 American issued a ‘Rider No. 8’, wherein American specifically sets out that the Conversion Privilege of the policy is amended and when a conversion is made by a dependent that a ‘Series 104’ policy would be issued. The policy ‘Series 104’ issued to Kathie was also dated October 1, 1975. This new conversion rider does not affect Kathie, however, since her application for conversion was properly made prior to the date of the rider, and she reached her 23rd birthday on August 27, 1975.
‘For these reasons, judgment shall be rendered in favor of Kathie Heard and against American Health & Life Insurance Company, ordering the issuance to Kathie Heard of an insurance policy known as ‘Catastrophe Plan 50-C’ upon payment of the proper premium by Kathie Heard.”
Defendant’s principal argument on appeal is that under the provisions of the policy quoted above, the plaintiff, after reaching the age of 19, remained an insured under the policy only so long as she remained a full-time student at McNeese. Defendant argues that when she left McNeese in 1972 she had 31 days within which to apply for an individual policy, and she did not do so. The insurer contends that having left McNeese, she lost her eligibility and could not again acquire eligibility by re-entering McNeese approximately three years later. As the trial judge states in his written opinion, this argument has no merit. The policy does not state that the *687 dependent must be a continuous full-time student from age 19 to age 23. It states only that children who are under 23 years of age and are full-time students in an institution of learning are eligible. Plaintiff re-enrolled as a full-time student at McNeese in August of 1975 before she reached her 23rd birthday on August 27, 1975. Therefore, under the provisions of the policy she was an insured dependent on the date she became 23 years of age.
The record does not show the exact date on which the application at issue was mailed. Dr. Heard testified that he mailed it to defendant by registered mail and that the return receipt shows defendant received it on August 29, 1975. Therefore, defendant received the application within 31 days after plaintiff became ineligible by virtue of reaching her 23rd birthday on August 27, 1975. Under these facts, the application was “made to the company within 31 days” after plaintiff became ineligible, under the provisions of Part XXI, Paragraph 1 quoted above.
As regards plaintiff’s answer to the appeal seeking penalties and attorney’s fees, there is no statute which provides for penalties or attorney’s fees except on failure to pay a claim, LSA-R.S. 22:657. Counsel has not cited, nor have we found, any statutory or jurisprudential authority for awarding penalties and attorney’s fees for violation of a conversion provision.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant-appellant.
AFFIRMED.